Case number 21-7008, Schindler Elevator Corporation, a New Jersey corporation, appellant, versus Washington Metropolitan Area Transit Authority, an interstate agency created by Compaq and Kony Inc. Mr. Bartolomucci for the appellant, Mr. Barnes for the appellate. Mr. Bartolomucci, go ahead. May it please the court, Chris Bartolomucci for appellant, Schindler Elevator Corporation. This must be the court's day to hear waiver cases. Our position in this case is very straightforward. WMATA has waived its immunity in protest cases like this one. In the Procurement Procedures Manual, WMATA adopted a clear protest policy which states that federal district courts, quote, have jurisdiction over court actions concerning protest decisions, end quote. The policy requires WMATA to give notice in all solicitations. WMATA's policy is to tell protesters that they can go to federal court. WMATA did so in the RFP here and in the final decision denying Schindler's protest. Now, WMATA- Mr. Bartolomucci, can I just ask you a basic question because your argument does sound very straightforward, but I'm trying to understand how you can argue that WMATA has the authority to waive its immunity, that WMATA itself can come up with the conditions under which it can be sued in light of the compact which gave it immunity on certain conditions. Well, Your Honor, the immunity belongs to WMATA and WMATA therefore has the power to waive it. But WMATA didn't get all immunity. WMATA didn't get a whole, if you will, of immunity. WMATA got immunity under certain conditions, right? Am I wrong about that? I thought the compact says you get this immunity and you can only be sued for contracts and torts related to your proprietary functions. So under what circumstance does WMATA get to say, no, no, no, we'd like to be sued under other things, for other things, for whatever we put in our manuals. Do they have the ability to do that? They certainly have the ability to waive their immunity. Sovereign immunity may be at pleasure. But they're not a sovereign. They got their sovereign immunity from somewhere else. And so do we have any cases that say that WMATA has the authority of a true sovereign in terms of its ability to waive its immunity outside of the circumstances of the compact? Well, yes, let me cite you two cases. So in the Barber case, this court held, I know that Judge Santel dissented, but not on this ground. In the Barber case, this court held that WMATA waived its immunity by taking federal funds. Now, it wasn't the three states that took the federal funds, it was WMATA. And that was held to be a waiver. And in the ongoing unsuck DC Metro case, so that's a case in which WMATA has created a FOIA-like cause of action. And there's an issue about whether it can do that. But there's no issue about their ability to waive their sovereign immunity in that case. Obviously, they can't create a FOIA-like action unless they waive their immunity against such claims. And that's not even an issue in that case. The issue that's being litigated is whether they can create a cause of action in the first instance. But no one has disputed that they can waive their create a cause of action. So I think there's no doubt, Judge Jackson, that they can waive their immunity. And the only question would be, I think there is a doubt. And can you just entertain my, it's a doubt that maybe is only mine and that I'm creating in this context. But the compact, what gave them the immunity carried with it certain conditions. You are immune to all of these various things except for towards of certain types and contracts. I don't see anywhere in that compact that also said, and any place, any time that you decide that you would like to be sued, any waiver that you would come up with. So under what circumstance, I'm trying to understand, does WMATA get to say, we see the compact and the circumstances under which the states wanted us to be sued, but we're going to decide that we can be sued in other situations. Okay. I'm glad you asked that question because this gets to section 80 of the compact. Now, section 80 waives immunity for contract claims and for certain tort claims. But section 80 is not the end all and be all. WMATA has the ability to waive other claims in other ways, just like it did in Barber. Barber did not involve a contract or a tort claim. It involved a section 504 Rehabilitation Act claim for termination based upon mental illness. But this court held that because WMATA accepted federal funds, it waived its immunity. In the Slack case in the district court, that involves a statutory whistleblower claim, so not a contract or a tort claim. And the district court held in that case, and WMATA didn't appeal, that WMATA's adoption of a policy telling whistleblowers that they can sue effectively waived their sovereign immunity as against these whistleblower type claims. And again, I will again cite the UNSUC DC Metro case. That involves a FOIA-like claim. It's not a contract claim. It's not a tort claim. So it's not governed by section 80. But there's no dispute in that case. And I think my friend on the other side will say this. WMATA has the authority to waive its immunity as against a FOIA-type claim, what they call a PARP claim. So section 80 governs some types of waivers, but it's not all-encompassing. Otherwise, Barber would have been very simple. Barber would have said, well, this isn't a contract or a tort claim. So section 80 doesn't apply, and you're out of luck. WMATA has immunity. But this court held there was waiver in Barber, and Judge Santel's dissent was on other grounds. So I really do feel that because the cases are saying that sovereign immunity is the kind of immunity that can be waived at pleasure. If they never raise it in a case, and if the district judge doesn't bring it up, it's gone. If they remove a case from state to federal court, it's gone. So it can be waived in lots of ways. It's all governed by section 80. So if you accept my premise that sovereign immunity is waivable, I think they've clearly done that in the PPM, the Procurement Procedures Manual, and they did it again in the RFP and in the final decision on Schindler's protest. I understand that there is an issue in this case about whether WMATA is a federal agency or not. But what I would say about that is that's not a jurisdictional issue. That goes to what Schindler's cause of action is. And we're not here today on a 12 v. 6 motion. We're not trying to decide whether Schindler can stay the cause of action. Schindler got bounced based on sovereign immunity. So I think it would be unfair to- Your case today does not depend on being a federal agency, more made of being a federal agency, I mean. That is correct. And the court doesn't have to answer that question. If WMATA is a federal agency- That's what I'm getting at, yes. Yeah. And Judge Santel, you faced this issue in the Elkhorn case, and the panel that you wrote for decided not to decide that issue because it's trickier than you might think. But if WMATA is a federal agency, then the federal APA applies, and they've lost immunity. You maybe don't want to get into all of that. I won't. The court doesn't have to- Mr. Bartolomeucci, let me go back a little bit to the question that I asked you in another way, which is, so is it your argument that section 81 of the compact that talks about the jurisdiction of the courts has to be interpreted separate and apart from 80? And if so, what do we do about our precedents that say those two are working in conjunction with one another? Well, here's how I read it. Section 80 broadly gives the federal courts jurisdiction. Now, sovereign immunity- 81. I'm sorry, 81 is what you meant? 81. Yes. Yes. I'm sorry. 81 gives the federal courts jurisdiction. Now, sovereign immunity is a defense to jurisdiction. Sovereign immunity is partially waived in section 80, but it can be waived in other ways as well. So you can have a case like this one where jurisdiction arises under section 81, the case is not governed by section 80, and WMATA has effected a waiver in another way, in this case by enacting a clear protest policy. I was going to say, you would have to concede that the waiver has to be clear. It does. That's the Barber test. That's, yes. But don't we have precedent from the circuit, and I can't remember the case name off the top of my head, but don't we have precedent that says that you interpret 81 consistent with 80? Well, the court has said things like that in cases involving tort or contract claims, which is the vast majority of claims against WMATA. But this is an administrative APA type claim. So you have to pay attention to whether the cases that say things like that involve tort or contract claims, which this case does not. So that's why 80 doesn't apply here, because this is an APA or APA-like case. All right. If there are no more questions, Mr. Barnes. Mr. Barnes. Thank you, Your Honor. The court should affirm dismissal because the WMATA compact that was adopted by the three jurisdictions establishes WMATA's sovereign immunity in this case. As the court noted in the Banneker decision, section 80 provides that there's only a limited waiver of claims in section 80, and that's for contracts and certain torts. In this case, Schindler has conceded that this case does not involve a contract or tort. It's Schindler's burden to prove jurisdiction, and it hasn't done so. This is a jurisdictional issue, and this court has been clear, both in the Kiska case and in the Burkhart case, that this is a subject matter jurisdiction issue, the sovereign immunity of WMATA. Can you entertain Mr. Bartolomucci's framing, though? Because what he is suggesting is that the statement in 80 concerning contracts and torts actually relates to those kinds of claims, but not necessarily the scope of the immunity. In other words, he says, fine, this is not a contract or tort claim, so 80 doesn't apply, and 81 says the court has jurisdiction, and WMATA has all of the sovereign immunity of the original states that created it. Why is he wrong about that? Well, he's wrong because the courts have decided otherwise, and in the Morris case, there was certainly, as your honor was discussing earlier, you need to read these in conjunction, and section 80 has been interpreted and found to be the limited waiver clause, and section 81 is found to be basically the forum selection type clause. In other words, you can't read them separately. You have to read them together. So is it your position that the states that gave WMATA the full immunity and per the compact waived only what we see in 80? So WMATA cannot be sued for anything else. That's correct, and it's very clear when you look at the cases that were cited, both FAA, Cooper, and there's a subsequent case, the Sossaman versus Texas case, that it must be very clearly and unequivocally stated in the text of statute. So whether it's a federal agency or a state agency, the rule is the same. WMATA, in this case, is an instrumentality of the states, and that's undisputed in this jurisdiction. If it's possible, and I know you don't think it is, but if it's possible for WMATA to waive its immunity, what do you say to the manual as a source of waiver? Well, the manual is not a, except for the policy statement, and I know Mr. Bartolomucci was careful in his statement about policy. The project procedures manual is not a policy statement except for the portion that relates to the policy adopted by the board. So the procedures manual, as all the provisions that are cited by Schindler, were not adopted by the board. This is procurement staff making statements. And same with the RFP and with the contracting officer's final decisions. These are not approved by the board, and they are therefore not actions by the board. So at most, you would have a situation where the board could take some action, but even then, you would have to have some sort of statutory text according to the I think it's... I'm sorry, some sort of statutory text that gave WMATA the right to waive? Statutory text. The only way that there can be any change in section 80's limited waiver of sovereign immunity is if it were somewhere else in statutory text, and it is not in statutory text. And I think Mr. Schindler would like this court to make some new law that WMATA can decide whenever it wants to waive immunity. That's not the case, and the only example that my friend on the other side is making is that in those situations where Congress specifically requires that in order to receive funds, you have to waive immunity, those situations are completely different than the current situation. If... and the Barber case involved receipt of federal funds, as well as the Slack case, a district court case, but those are the only two cases that my friend on the other side can cite, but the overwhelming authority is that any waiver must be in statutory text, and when you look at section 80 and read it in combination with section 81, as this court has said we must do, there is only waiver for contracts in certain torts. So, so can I ask you in terms of the clarity, because I'm very interested in Mr. Bader-Lemouchi's framing of the of the compact. We don't see a statement in that document in 80 or in 81, I think, that says the authority shall only be liable for its contracts and for its torts. The authority is not liable for anything else. You know, the states are waiving their immunity only for these particular kinds of claims. It just announces that the authority shall be liable for those. Mr. Bader-Lemouchi says fine, but there's nothing in here that says that the authority shall not be liable for the kind of claim that I'm making. Why is he wrong about that? Because it, the full sentence says the authority shall be liable for its contracts and its torts committed in the conduct, but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach or of contracts or torts for which the authority shall be liable shall be a suit against the exclusive remedy for the claims they're talking about in that paragraph. I don't see anything in that paragraph that tells me that the authority could not be liable for something else. I just want to make clear that the authority is liable for these things, but why does that necessarily mean that the authority is immune from procurement or other kinds of claims? Well, that's what's been decided by this circuit in the past, including in the Morris case. So this statute, as it's been written, the compact as it's been written and applied in this jurisdiction, is that the exclusive, the scope of the waiver is only for contract claims and certain torts. So we would be making new law here to the extent we contradict the prior decisions of this court, and that's the precedent of this court. But in your honor, there would have been no reason to include the language that's in this section 80, had WMATA been responsible or not liable or not immune from any action. Except the extent that this paragraph is doing the work of explaining that quirky thing about torts, right? I mean, you could imagine a world in which if they didn't care about certain torts versus other torts, they wouldn't have said anything and WMATA would be liable for it all. But this paragraph is about just making clear that only certain torts, maybe. I'm just Then there would have been no reason to include contracts under your theory. Fair point. So, your honor, I know that there are, there was a reference to the UNSUCC case and I'm happy to answer any questions that you have about that. Certainly the DC circuit, when it was hearing the UNSUCC case, was skeptical about the issues in that case. I do disagree with my opponent that it is a matter that WMATA can therefore do whatever it wants with respect to waiver. In that case, and certainly the record that my friend on the other side has put before the court showed 67 pages of board resolutions after notice and comment. That is very different than the situation here where procurement staff members are issuing a contracting officer's final decision that is not approved by the board. And there has been no decision, obviously, in that UNSUCC case, but the fact that section 73 of this compact deals with procurements and protest decisions and there was no judicial review provided. Certainly the jurisdictions knew how to provide for a remedy and they did not do as they have done in other statutes. Can I ask you, I'm sorry, can I ask you a different, a slightly different question that stems with, stems from Judge Santel's asking you about the clarity of the potential waiver in the manual. And you said, oh, but this was not written by the board. There's not a decision. Don't we also have a sort of theories of waiver that can occur based on agency action agents? So fine, we don't have the board making the determination, but surely the employees are agents of the WMATA. And if the employees are saying in official publications, we say, sue us under these circumstances, wouldn't agency theory then allow us to conclude that that was at least an implied waiver or that they were attempting to Well, I think for a large organization like WMATA, that's hard to apply. I do think that's why the rule is that it must be in statutory text. So you didn't find a situation where all three jurisdictions are going to be bound by what a WMATA representative puts out. It's also, and I'm glad Judge Santel raised the issue of clear and unequivocal. If you look at these three statements, they are not clear and unequivocal waiver. They are, even if you put aside this issue that it must be in statutory text, you don't have a clear and unequivocal waiver. The documents that my friend on the other side has put before the court are documents that are very similar to section 81. It just says you go to the federal courts in the three jurisdictions. And as a matter of fact, section 81 says all actions and these three documents say for procurement or protest action. So it's a way for Schindler to be able to argue that this is somehow different and outside of the compact, but because it needs to be in statutory text and because it needs to be clear and unequivocal, it has not reached that level here. It is not clear. Nowhere in those documents does it say, and WMATA agrees to waive its limited waiver for protest decisions or procurement decisions. All it says is if you have a case, you need to go to the court, but it doesn't somehow rule out section 80. All right. Thank you. Mr. Bartolomucci, why don't you take two minutes? Thank you, Your Honor. I probably won't need all of that time. A couple of quick points. Number one, my friend is wrong about the assertion that a waiver must be in statutory text. FAA versus Cooper is a case about the sovereign immunity of the U.S. government. As to the U.S. government, a waiver must be in statutory text, but that is not the rule that applies to waivers of state sovereign immunity. I've addressed this in my reply brief, and I'll refer you to that. I will also point out in Unsuck D.C. Metro, I think that disputes his argument. There's no statute that says sovereign immunity is waived as to FOIA-like HARP claims. WMATA just did it on its own. Mr. Bartolomucci, though, aren't you asking us to make new law in light of how this 80 and 81 has traditionally been construed? I hear what Mr. Barnes is saying as consistent with my understanding of what this court and others and the district judges, etc., have generally said about the scope of the immunity that WMATA has. So it seems quite novel to suddenly say, you know what, 80 and 81 are just talking about torts and contracts, but it doesn't mean that WMATA can't be sued for anything else as long as it waives its immunity. Judge Jackson, you're not making new law. You're applying Barber, this court's decision in Barber, which all the cases that my friend cites are contract and tort cases. Barber is a different kind of case, and I don't think it even stops to talk about Section 80 because it didn't matter. Barber says that, you know, a clear declaration is sufficient to and it found waiver in that case. And here I think the waiver is clear. The PPM says federal district courts, quote, have jurisdiction over court actions concerning protest decisions, end quote. What could be clearer? What about Mr. Barnes' point that as clear as that may be, it comes from an employee and not the board? Well, I think I agree with your agency point. I think they're bound by their PPM, by their solicitation in this case, by their final decision. These are all actions of WMATA, and they bind WMATA. Mr. Barnes has not cited a single case for the proposition that only the WMATA board can affect a waiver. That's something that as far as I can tell, they invented in this case, and they've got no authority to support it. All right. Thank you, gentlemen. Madam Clerk, if you'd call the last case.
judges: Henderson, Jackson, Sentelle